IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

        Plaintiff,

v.

CORRECTIONAL OFFICER BLISS,

        Defendant.

OPINION & ORDER

17-cv-851-jdp

---

  Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. In this case, one of a series of lawsuits he has recently filed, he alleges that defendant Correctional Officer Bliss harassed him in a variety of ways, including confiscating some of his possessions and giving him false conduct reports. Pabon Gonzalez has made an initial partial payment of the filing fee as previously directed by the court.

  The next step is for me to screen Pabon Gonzalez's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Pabon Gonzalez's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). I conclude that most of Pabon Gonzalez's allegations do not support claims, and that his allegations that he was psychologically harmed by the harassment violate Federal Rule of Civil Procedure 8. I will dismiss his complaint and give him a chance to file an amended complaint that better explains his claim for psychological harm.

ALLEGATIONS OF FACT

I draw the following facts from the complaint and prison documents attached to the complaint, Dkt. 1 and Dkt. 1-1, and I accept them as true at the screening stage.

Plaintiff Helson Pabon Gonzalez is an inmate at the Wisconsin Secure Program Facility. Pabon Gonzalez says that defendant Correctional Officer Bliss has harassed him over the last few years. In April 2015, Bliss gave him a false conduct report. In August 2015, Bliss denied him reentry to part of the prison. In March 2016, Bliss took his magazines and medication and threw his blankets on the floor. In 2017, Bliss gave him false conduct reports. At some point, Bliss confiscated his radio, fan, and book of Spanish-English translations.

ANALYSIS

Pabon Gonzalez does not articulate his own legal theories about what rights he believes defendant Bliss violated by harassing him. This is not fatal to his case because pro se plaintiffs are generally not required to plead particular legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). The bigger problem for Pabon Gonzalez is that most of his allegations do not support constitutional claims.

None of the individual components of this alleged pattern of harassment supports a constitutional claim. Pabon Gonzalez alleges that Bliss gave him false conduct reports, but false conduct reports do not create a due process claim because the inmate has the ability to litigate the truthfulness of the report through a hearing process. *Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006).

Pabon Gonzalez also alleges that Bliss confiscated his books and property for the purpose of harassing him. I do not take him to be saying that he was harmed by Bliss taking

his medication. And courts have consistently held that due process claims for deprivation of a prisoner's property fail where the plaintiff has adequate postdeprivation remedies. *See, e.g., Munson v. Gaetz*, 673 F.3d 630, 638 (7th Cir. 2012) ("Munson's complaint also makes it clear that he received all the process he was due in the form of a written notice explaining why he couldn't possess the books and a meaningful chance to be heard by a series of prison officials."); *Tyler v. Wick*, No. 14-CV-68-jdp, 2016 WL 5496631, at *6 (W.D. Wis. Sept. 29, 2016) (civil detainee had adequate postdeprivation remedies to challenge loss of property and money); *see also* Wis. Stat. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention), and 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); *cf. Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies against prison officials are adequate remedies for deprivation of good-time credits). He does not allege that these remedies are unavailable to him. So I will deny him leave to proceed on procedural due process claims.

As for the overarching pattern of harassment itself, harassment by a prison guard generally is not enough by itself to implicate a constitutional right. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Only in certain circumstances could sustained harassment be pervasive or severe enough that it could support an Eighth Amendment claim. One type of allegation that could support a claim would be that the harassment caused "significant psychological harm" to the inmate. *See Beal v. Foster*, 803 F.3d 356, 359 (7th Cir. 2015). Pabon Gonzalez states, "Because I'm so very bothered with [Bliss], be I will to cut at hand's to so that not to come repeat the same behavior with me and with not nobody not more." Dkt. 1, at 2. This allegation suggests that Bliss's harassment caused Pabon Gonzalez such severe distress

3

that he harmed himself. But it is ambiguous enough that I am not sure whether this is what Pabon Gonzalez means. I understand that English is not Pabon Gonzalez's first language, but he will have to more clearly explain what he means by this allegation. *See* Fed. R. Civ. P. 8(a)(2) ("complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief.").

I will give Pabon Gonzalez an opportunity to amend his complaint to better explain how the alleged harassment affected him. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain whether he was psychologically harmed by the harassment, how he was harmed, and how he knows that Bliss meant to harass him. If Pabon Gonzalez fails to submit an amended complaint by the deadline set below, I will dismiss the complaint for failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

Pabon Gonzalez has filed two motions for an extension of his legal loan, Dkt. 3 and Dkt. 5, that are identical to his motions in case no. 17-cv-850-jdp. I already denied his motions in the '850 case, *see* Dkt. 11 in that case, and I will deny them here for the same reason: this court generally does not interfere with the Department of Corrections' administration of legal loans, and given the many filings he has submitted in his recent cases in this court, there is no reason to think that prison officials are restricting his ability to litigate his cases.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's complaint is DISMISSED under Federal Rule of Civil Rule of Procedure 8.

2. Plaintiff may have until September 14, 2018, to submit an amended complaint that complies with Rule 8.

3. Plaintiff's motions for an extension of his legal loan, Dkt. 3 and Dkt. 5, are DENIED.

Entered August 27, 2018.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge